IN re the MARRIAGE OF David Lee HICKEY and Sharon Kay Hickey.

Upon the Petition of David Lee Hickey, Petitioner-Appellee,

and Concerning Sharon Kay Hickey, Respondent-Appellant.

No. 85–757.

Court of Appeals of Iowa.

Jan. 29, 1986.

Richard C. Schenck, of Salvo, Deren, Schenck & Lauterback, P.C., Battle Creek, for respondent-appellant.

Thomas H. Treinen, Harlan, for petitioner-appellee.

Heard by OXBERGER, C.J., and SNELL and HAYDEN, JJ.

OXBERGER, Chief Judge.

The child custody and child support provisions of the parties' divorce decree are appealed by the petitioner, Sharon Hickey. We affirm as modified.

The petitioner and respondent, David, are parents of two children, Matthew, born March 14, 1979, and Jennifer, born February 3, 1981. When the couple married in January 1976, David was halfway through pharmacy school and worked part time while Sharon worked full time. In 1978 David graduated and began work with Eli Lilly and company. He now earns approximately $35,430 per year. Sharon began working part time in 1979 when the first child was born. During the marriage, David's work resulted in him spending some nights away from home on business. Sharon was primarily responsible for the care of the children. In November 1982, she entered college and David took greater involvement in the daily care of the children. Sharon expects to receive a degree in pharmacy in August 1986.

Prior to the dissolution trial, the parties sold their family home and equally split the $39,000 in net proceeds. The court made no ruling on temporary custody and the parties shared custody, with the children spending a few days of the week with one parent, and the next few days with the other parent.

The trial court awarded both joint legal and joint physical custody of the children to the parents. They are to spend one month with Sharon, the next month with David, alternating months throughout the year. Child support was ordered paid to Sharon of $250 per child for the six months of the year in which Sharon has physical custody. David was also ordered to pay $350 per month in alimony until August 1986, when Sharon will graduate from school. Sharon

has appealed from the custody provision saying the joint physical custody will be unduly disruptive to the children, and from the child support award, claiming it is insufficient.

The Iowa Supreme Court has stated on several occasions that the primary goal of an award of physical care is to assure the child's best interest, and provide for as much stability in their lives as is possible following the breakup of a marriage. *See In re Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974). The recently enacted statute which encourages joint custody refers to an award of joint legal custody, not necessarily joint physical care. *See* Iowa Code § 598.41 (1985). It does not require joint physical care. *Id.* at § 598.41(5). In fact, an award of joint physical care is considered unusual by this court.

In another case this court has refused to expand visitation rights of the noncustodial parent to include midweek visitation with the five-year-old child because we believed "midweek visitation, in addition to visitation on alternate weekends would involve excessive shifting of the child between parents and could impair the child's sense of stability." *In re Marriage of Fish*, 350 N.W.2d 226, 231 (Iowa Ct.App.1984).

Previously it has been found that a request that summer vacation visitation be provided for alternating two-week intervals instead of four weeks would not be granted because "such an arrangement would be confusing and upsetting to the children and would deprive them of the stability which they need at this stage of their development." *In re Marriage of Weidner*, 338 N.W.2d 351, 359 (Iowa 1983). The supreme court has also disapproved a decree granting visitation to the noncustodial parents on every weekend instead of alternating weekends because such visits would be "unduly disruptive." *In re Marriage of Guyer*, 238 N.W.2d 794, 797 (Iowa 1976).

■ If children were like chattels, it would seem eminently fair to divide their time as equally as possible between their parents. However, as the statements from the court we have referred to indicate, we must consider the children's best interests as well as those of the parents. If it were possible for one parent to care for the child during the week at a time in which the child would otherwise be with a third-party baby-sitter, division of the child's time between the parents' residences during the week or month would be justified for the child's best interest. In this manner, the child could spend the maximum time with parents and minimum time with third parties. In the more typical case which we find here, both parents work during the week. We find these young children need the stability of having a primary home, where they will be provided with consistency in environment, playmates, and scheduling. We hold an award of joint physical custody is not in the best interests of these children.

Both parents love their children and are capable of providing a good home. We are forced to choose between two people who both care for their children. A review of the evidence shows that although David began participating more in the care of the children when Sharon returned to school, Sharon remains the primary caretaker. In one incident, which is undisputed by David, the young daughter hurt her arm when Sharon and David were at home. Rather than accompanying Sharon and the child to the hospital, David chose to leave to go to a ball game. Instead, a neighbor accompanied Sharon and the child to the hospital. Neither does David seriously dispute that when he spends time with the children, he takes them to activities which he would enjoy, but the children might not appreciate. As an example, he takes the three-year-old daughter to football games and golfing. Without elaborating on the details reflected in the record, it is also noted by the court that David has difficulty controlling his hostility towards Sharon when he is in front of the children.

■ We repeat these facts not to disparage David as a parent but to support our conclusion that Sharon has been the person primarily responsible for care of the children and has shown superior parenting

ability. We therefore award sole physical care of the children to Sharon. David shall be given liberal visitation as the parties shall agree upon. This will include, at a minimum, visitation on alternating weekends, and alternating holidays, and include a three-week visitation in the summer.

 The trial court ordered David to pay Sharon $250 per child per month for each month she has care of the children. We modify this award to $250 per child per month until each child respectively attains the age of eighteen years, marries, or becomes self-supporting, whichever occurs first. However, the child support shall continue in any event until each child completes his or her high school education. So long as David is current in the child support payments, he is entitled to claim the children as dependent exemptions on his federal and state income tax returns. Sharon shall execute a multiple support agreement and/or any other requisite I.R.S. and Iowa Department of Revenue forms necessary to accomplish David claiming the children as dependants for income tax purposes. Sharon shall deliver the executed forms to David on or before January 20th each calendar year.

AFFIRMED AS MODIFIED.